[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12671
Non-Argument Calendar

_____

D. C. Docket No. 04-20545-CV-UUB

DAVID STARR WILLIAMS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James V. Crosby, Jr.,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 18, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

David Starr Williams, a Florida prisoner, appeals pro se the denial of his

habeas corpus petition brought under 28 U.S.C. section 2254.  Because Williams's

petition is either successive or an abuse of the writ, we affirm the denial of habeas relief.

Williams filed his habeas petition in 2003 and claimed that Florida violated the Ex Post Facto Clause in 1993 when it deprived him of 555 days of administrative gain-time and 1660 days of provisional credits after Florida changed how such credits were calculated. The district court found that Williams's petition was time-barred. The district court also concluded that the petition was a second or successive petition, because it attacked Williams's conviction after Williams had already filed several similar habeas petitions attacking his conviction. We granted Williams a certificate of appealability on the issues of timeliness and whether the petition was successive.

We review de novo the denial of habeas relief by the district court. Brownlee v. Haley, 306 F.3d 1043, 1058 (11th Cir. 2002). Unless we first grant him permission, Williams cannot raise a claim in this habeas petition that he presented in a previous habeas petition. 28 U.S.C. § 2244(b)(3)(A). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Although Williams's habeas petition does not attack his conviction, but

instead contests an administrative decision of Florida, his petition is nevertheless successive. Williams conceded in his reply brief to this Court that he challenged the cancellation of his credits in a habeas petition filed in 1998. Williams did not request permission from this Court to file a successive petition, and his petition, therefore, must be dismissed.

We note, however, that Williams's 1998 habeas petition is not part of the record on appeal. Because we cannot be certain that Williams, appealing pro se, was correct in his concession, we also conclude that Williams's petition warrants dismissal as an abuse of the writ even if he did not challenge the cancellation of his credits in his 1998 petition. The factual and legal basis of this claim was available to Williams when he filed his 1998 petition. Williams's credits were cancelled in 1993, and the cases upon which Williams bases his arguments pre-date 1998, with the possible exception of a decision by a Florida appellate court that regards federal constitutional issues and does not bind this Court. Because Williams did not raise this claim in his 1998 petition, he cannot do so now without showing cause and prejudice:

> [U]nless a habeas petitioner shows cause and prejudice, a court may not reach the merits of ... new claims, not previously raised which constitute an abuse of the writ. Where a petitioner was aware of the factual and legal basis of a claim not presented when the first federal habeas petition was filed, he must demonstrate that the failure to present the claim in the prior proceeding was not because of

3

intentional abandonment, deliberate withholding, or inexcusable neglect under the abuse of the writ doctrine.

Jones v. White, 992 F.2d 1548, 1565 (11th Cir. 1993) (internal citations and quotations omitted).  Failure to raise a claim need not be deliberate to constitute abuse of the writ: "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."  McCleskey v. Zant, 499 U.S. 467, 489, 111 S. Ct. 1454, 1468 (1991).  Williams could have raised this claim in his 1998 petition.  If Williams did not raise this claim in his 1998 petition, Williams has failed to offer cause for failing to do so.  Williams's habeas petition, therefore, must be dismissed as an abuse of the writ.

If Williams challenged the cancellation of his credits in his 1998 petition, Williams's petition is successive.  If Williams did not challenge the cancellation of his credits in 1998, Williams's petition is an abuse of the writ.   The decision of the district court is, therefore,

**AFFIRMED.**